UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT DEAN GRIFFIN, JR.,

    Plaintiff,

v.

DANIEL W. WHITE, et al.,

    Defendants.

CASE NO. 3:17-cv-05841-RBL-JRC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Robert Dean Griffin, Jr., proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint. Plaintiff claims that defendants violated his due process rights when they failed to properly process his grievance forms. However, because plaintiff does not have a constitutional right to any particular grievance process, failing to properly process a grievance does not violate due process. Therefore, the Court provides plaintiff leave to file an amended complaint by November 24, 2017, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff originally filed this action in the Eastern District of Washington. *See* Dkt. 1. The Honorable John T. Rodgers determined that all named defendants were at the Washington

Corrections Center ("WCC"), located in Shelton, Washington, in the Western District of Washington. Dkt. 12. Therefore, Judge Rodgers ordered it transferred to the Western District of Washington. *Id*. In his complaint, plaintiff alleges that his Fourteenth Amendment due process and equal protection rights were violated because defendants refused to process his grievances. Dkt. 15 at 6-8. He also alleges that some defendants refused him access to the courts and refused to provide him with the appropriate forms for filing a lawsuit. *Id*. at 8-9. Finally, he claims that he has suffered harm because he has been assaulted numerous times in prison by fellow inmates. *Id*. at 10-11. As a remedy, he requests a court appointed attorney, a permanent injunction housing him away from the WCC, and $750,000 in compensation for permanent injuries he has allegedly suffered. *Id*. at 13.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**I.     Failure to Process Plaintiff's Grievances**

Plaintiff alleges that defendants infringed his Fourteenth Amendment Due Process and Equal Protection rights when they refused to properly process his grievances. In order to state a

claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A prisoner cannot state a cognizable claim under § 1983 for failure to properly process grievances because prisoners have no stand-alone due process rights to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Here, plaintiff cannot state a claim based on defendants failure to process his grievances. Plaintiff properly includes defendants' personal participation, explaining in sufficient detail their actions and how they led to plaintiff's alleged harm. Further, it appears he alleges that defendant Bennett and defendant Thompson denied him access to the courts, an actionable claim under § 1983. *See* Dkt. 15 at 8-9 (describing that defendant Bennett had been told not to allow plaintiff to litigate, and that defendant Thompson refused to provide plaintiff with the appropriate forms for filing a lawsuit). However, he has not stated a claim by alleging that defendants refused to process his grievance. Even if plaintiff proves that defendants refused to process plaintiff's grievances, plaintiff has no constitutional right to the grievance process. *Ramirez*, 334 F.3d at 860. Because there is no stand-alone right to any particular grievance process, it is impossible for a plaintiff's due process rights to be violated by ignoring his grievances or failing to properly process them. Thus, plaintiff cannot show his constitutional rights were violated on this ground. The Court therefore orders plaintiff to file an amended complaint remedying the deficiencies identified herein.

//

//

## II. Personal Participation

Throughout the balance of his complaint, plaintiff alleges several other allegations, including violations of his rights under the Universal Declaration of Human Rights, asserts his right to the presumption of innocence was violated, alleges that he was sexually assaulted and beaten by other inmates, and that as a result he remains in constant fear. *See* Dkt. 15. However, plaintiff has not explained how defendants personally participated in any of these alleged violations.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Here, plaintiff has not alleged personal participation by defendants for the remainder of his claims. Because plaintiff must explain how defendants personally participated in the alleged constitutional deprivations to state a claim under § 1983, plaintiff has not raised a claim for which relief can be granted.

In addition, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on

the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

In his complaint, plaintiff has not explained the facts that led to these alleged violations of his rights. He has only stated conclusory recitations of his claims. *See*, *e.g.*, Dkt. 15 at 7 (claiming a violation of the presumption of innocence, but stating only that "Everyone charged with a penal offence [sic] has the right to be presumed innocent until proved [sic] guilty according to law in a public trial at which he has had all the guarantees necessary for his defence [sic]"). Because plaintiff has not supplied sufficient facts to demonstrate that he is entitled to relief, he again has not raised a viable claim under § 1983. Plaintiff should file an amended complaint explaining his alleged harms and how each was caused by the actions or inactions of a particular person or persons. In addition, he should include a short, plain statement explaining his allegations so the Court can understand precisely what harms he is alleging, who he believes caused the harm, and what remedies he may be entitled to.

**III.     Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to continue pursuing a § 1983 civil rights action in this Court, he must file an amended complaint. and within the amended complaint, he must write a *short, plain statement* telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person or persons who violated the right; (3) *exactly what the individual did or failed to do*; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint will be waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

## CONCLUSION

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before November 24, 2017**, the undersigned will recommend dismissal of this action without prejudice, meaning plaintiff may file it again at a later date.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 27th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge