UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT DEAN GRIFFIN, JR.,

               Plaintiff,

v.

DANIEL W. WHITE et al.,

               Defendants.

CASE NO. 3:17-CV-05841-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JULY 13, 2018

      This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

      Plaintiff Robert Dean Griffin, Jr., alleges that defendants violated his right to access the courts when they failed to provide him a legal document in time for him to file a personal restraint petition ("PRP") before the statute of limitations expired. However, defendants have shown that plaintiff's judgment and sentence became final in 2005, meaning that the statute of limitations for a PRP expired over a decade ago. Plaintiff has thus not alleged an actual injury caused by defendants' alleged actions. Therefore, the Court recommends that plaintiff's motion

1 for summary judgment (Dkt. 41) be denied, that defendants' cross-motion for summary judgment
2 (Dkt. 44) be granted, and that plaintiff's action be dismissed. The Court also recommends
3 denying plaintiff's motion to amend or alter the judgment (Dkt. 53).

**BACKGROUND and PROCEDURAL HISTORY**

Plaintiff's case was transferred to this Court from the Eastern District of Washington in July of 2017. Dkt. 1. Plaintiff filed his second amended complaint, the operative complaint in this action, in March of 2018. Dkt. 31. Plaintiff alleges that defendant Thompson, a law librarian, failed to provide plaintiff with a copy of his amended judgment and sentence before the one-year statute of limitations to file a PRP expired. *Id*. He thus claims that he is now barred from filing a PRP challenging the judgment and sentence because of defendant Thompson's actions. *Id*. Plaintiff also alleges that he notified defendants White and Bennett about defendant Thompson's actions, but they both failed to take any action. *Id*.

Plaintiff filed a motion for summary judgment in April of 2018. Dkt. 41. Defendants filed a response to that motion, as well as a cross-motion for summary judgment, in May of 2018. Dkt. 44. Defendants argue that plaintiff has not shown he has suffered a harm from defendant Thompson's alleged actions, and that he has not pled personal participation as to defendants White and Bennett. *Id*.

Plaintiff has now also filed a motion to alter or amend (Dkt. 53), requesting the Court amend his judgment and sentence pursuant to Federal Rule of Civil Procedure 59.

**STANDARD OF REVIEW**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the material facts before the court and the moving party is entitled to judgment as a matter of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds*

REPORT AND RECOMMENDATION - 2

1  *by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled
2  to summary judgment if the evidence produced by the parties permits only one conclusion.
3  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To determine if summary judgment
4  is appropriate, the court must consider whether particular facts are material and whether there is
5  a genuine dispute as to the material facts left to be resolved. Fed. R. Civ. P. 56(c). Where there is
6  a complete failure of proof concerning an essential element of the non-moving party's case on
7  which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and
8  the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S.
9  317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented
10 through the prism of the substantive evidentiary burden"). However, when presented with a
11 motion for summary judgment, the court shall review the pleadings and evidence in the light
12 most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro
13 se complaint will be liberally construed . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir.
14 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

## DISCUSSION

### I.  First Amendment Right to Access the Courts

Plaintiff's single claim for relief is that defendants restricted his access to the courts in violation of his Eighth and Fourteenth Amendment rights. However, because plaintiff claims his right to access to the courts has been violated, the Court interprets this as an allegation that his First and Fourteenth Amendment protections were violated, rather than his Eighth and Fourteenth Amendment protections.

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds,* the Supreme Court held that the right of access

imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id*. at 349.

To establish that he suffered an actual injury, plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n. 4).

Here, plaintiff states that his right to access the courts was infringed when defendant Thompson failed to provide him with his amended judgment and sentence before the deadline lapsed to file a PRP with the Washington courts. Dkt. 31, p. 7. However, as defendants properly note, the amended judgment and sentence was filed in 2005. Dkt. 17-1, p. 10. There is no evidence that plaintiff challenged this judgment and sentence until he attempted to file his PRP in 2017, and thus, for purposes of a state law collateral attack, the judgment and sentence became final when it was entered. *See* RCW 10.73.090(3) (a judgment becomes final when it is entered, when an appellate court enters its mandate on appeal, or when the Supreme Court denies certiorari). Pursuant to Washington statute, "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final . . . ." RCW 10.73.090(1). Thus, the statute of limitations to challenge the

1  judgment and sentence had expired in 2006 -- one year after it was entered and long before
2  defendant Thompson allegedly refused to provide a copy of the judgment and sentence to
3  plaintiff.  And, plaintiff has presented no evidence or even alleged that the statute of limitations
4  was somehow subject to legal or equitable tolling.  Therefore, he has presented no evidence that
5  would demonstrate that he has suffered any harm as a consequence of defendants' alleged
6  actions or inactions.

7  Because the statute of limitations had already passed, plaintiff's ability to file his claims
8  was not frustrated in that plaintiff would be required to show extraordinary circumstances for the
9  Washington courts to consider it, whether or not defendant Thompson provided him the
10 judgment and sentence. *See* RCW 10.73.100 (listing exceptions to the one-year statute of
11 limitations for Washington PRPs). Defendant White's and defendant Bennett's alleged actions,
12 failing to correct defendant Thompson's mistake, similarly did not make plaintiff miss the
13 deadline. Thus, because plaintiff had missed the deadline long before the alleged constitutional
14 infractions, plaintiff has failed to allege an actual injury.

15 Therefore, the Court recommends that plaintiff's motion for summary judgment (Dkt.
16 41) be denied, that defendants' cross-motion for summary judgment (Dkt. 44) be granted, and
17 that plaintiff's action dismissed.

18 **II.     Qualified Immunity**

19 Defendants also argue that, even if there had been a constitutional violation, they are
20 protected by qualified immunity. However, the Court has already made a recommendation to
21 dismiss plaintiff's case on the merits. Therefore, the Court declines to make a determination as to
22 qualified immunity.

23
24

**III.    Motion to Alter or Amend**

Plaintiff has also filed a motion to alter or amend, requesting the Court to amend his judgment and sentence pursuant to Federal Rule of Civil Procedure 59. Dkt. 53. However, this request is frivolous. He cites neither facts nor law that would allow the Court to amend a judgment entered by a state court. Therefore, the Court recommends that plaintiff's motion to amend or alter (Dkt. 53) be denied.

**CONCLUSION**

For the reasons set forth above, the Court recommends that plaintiff's motion for summary judgment (Dkt. 41) be denied, that defendants' cross-motion for summary judgment (Dkt. 44) be granted, and that plaintiff's action be dismissed. The Court also recommends denying plaintiff's motion to amend (Dkt. 53).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 13, 2018** as noted in the caption.

Dated this 21st day of June, 2018.

J. Richard Creatura
United States Magistrate Judge