UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT DEAN GRIFFIN, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANIEL W. WHITE, et al., <br><br> Defendants. | CASE NO. 3:17-cv-05841-RBL-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: August 24, 2018 |

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff has filed a motion for summary judgment, defendants have filed a cross-motion for summary judgment, and plaintiff has filed a motion to "alter or amend the judgment." Dkts. 41, 44, 53. However, plaintiff has now properly filed a third amended complaint, rendering the motions for summary judgment moot. Further, there is no judgment to amend in this case, so the Court cannot fulfill plaintiff's request to amend the judgment. Therefore, the Court recommends

1  denying plaintiff's motion for summary judgment, defendants' cross-motion for summary
2  judgment, and plaintiff's motion to alter or amend.

## BACKGROUND

Plaintiff Robert Dean Griffin, Jr., initially filed this action in July of 2017. Dkt. 1. He filed an amended complaint in November of 2017 (Dkt. 17), and, pursuant to this Court's order, a second amended complaint in March of 2018 (Dkt. 31). After defendants filed an answer, plaintiff filed a motion for summary judgment based on his second amended complaint. Dkt. 41. Defendants responded, including a cross-motion for summary judgment based on the second amended complaint. Dkt. 44. Pursuant to an order from the Honorable Ronald B. Leighton, this action was consolidated with another action filed by plaintiff based on the same core of operative facts. Dkt. 56. Judge Bryan also provided plaintiff with leave to file a third amended complaint, containing his allegations from both cases. Dkt. 59.

Plaintiff properly filed his third amended complaint on July 21, 2018 (Dkt. 62) and defendants subsequently filed their answer (Dkt. 65).

## DISCUSSION

### I.    Motion for Summary Judgment and Cross-Motion for Summary Judgment

Plaintiff has filed a motion for summary judgment (Dkt. 41) and defendants have included a cross-motion for summary judgment in their response to plaintiff's motion (Dkt. 44). However, pursuant to Judge Leighton's order (Dkt. 59), plaintiff has now filed a third amended complaint with leave from the Court (Dkt. 62). An amended complaint supersedes any complaints filed before it. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The previous complaints are "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa C'nty*, 693 F.3d 896 (9th Cir. 2012). Because

plaintiff's motion for summary judgment (Dkt. 41) and defendants' cross-motion for summary judgment (Dkt. 44) are both based on the second amended complaint, both motions are based on a complaint that is now "non-existent."

Therefore, the Court recommends that plaintiff's motion for summary judgment (Dkt. 41) and defendants' cross-motion for summary judgment (Dkt. 44) be denied as moot, but that both parties be allowed to re-file a dispositive motion based on the allegations contained in the third amended complaint. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint."). The Court will include the deadline for filing dispositive motions and for additional discovery in an amended scheduling order.

## II.    Motion to Amend Judgment

Plaintiff has also filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59. Dkt. 53. However, no judgment has yet been entered in this case, nor in plaintiff's second case that was consolidated with this one (*Griffin v. White*, No. 3:18-cv-05133-BHS). Because there is no judgment entered in this case, the Court is unable to grant his request.

Therefore, the Court recommends that plaintiff's motion to alter or amend (Dkt. 53) be denied as moot.

## CONCLUSION

For the reasons stated above, the Court recommends that plaintiff's motion for summary judgment (Dkt. 41) and defendants' cross-motion for summary judgment (Dkt. 44) be denied as moot. The Court also recommends that plaintiff's motion to alter or amend (Dkt. 53) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 24, 2018** as noted in the caption.

Dated this 9th day of August, 2018.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge