UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT DEAN GRIFFIN, JR., <br><br> Plaintiff, <br><br> v. <br><br> DANIEL WHITE, et al., <br><br> Defendants. | CASE NO. 3:17-cv-05841-RBL-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: January 18, 2019 |

    This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

    Plaintiff Robert Dean Griffin, Jr. alleges that his First and Fourteenth Amendment rights were violated when defendants allegedly deprived him of a single legal document necessary to challenge his underlying conviction. However, defendants have provided undisputed evidence that they provided legal resources that were more than the minimal necessary assistance they were obligated to provide plaintiff. Further, plaintiff has failed to show that any deprivation of

his right to access the courts caused actual injury to his pending legal claims. Therefore, the Court recommends that plaintiff's action be dismissed.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff's case was transferred to this Court from the Eastern District of Washington in July of 2017. Dkt. 1. After numerous motions and two amended complaints, plaintiff filed his third amended complaint, which is the operative complaint here. Dkt. 62. Plaintiff alleges that his right to access the courts was infringed when defendant Thompson failed to provide plaintiff with access to his amended judgment and sentence. Dkt. 62, p. 3. Plaintiff also alleges that defendants White and Bennett may also be held responsible because plaintiff notified them about defendant Thompson's behavior, but they failed to act. *Id*. at pp. 3-4. Plaintiff also alleges that defendants Dean and White violated plaintiff's rights because they "presumptively disgarded destroyed [sic]" plaintiff's box containing his legal materials. *Id*. at pp. 4, 5. Plaintiff requests $750,000 against each defendant in punitive damages, and $250,000 for "court cost." *Id*. at p. 7.

## STANDARD OF REVIEW

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the material facts before the court and the moving party is entitled to judgment as a matter of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled to summary judgment if the evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Where there is a complete failure of proof concerning an essential element of the non-moving party's case on which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

1  *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the

2  substantive evidentiary burden"). However, when presented with a motion for summary

3  judgment, the court shall review the pleadings and evidence in the light most favorable to the

4  nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be

5  liberally construed . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (citing *Estelle v.*

6  *Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

## DISCUSSION

### I.     Access to Courts

Plaintiff claims that defendants restricted plaintiff's access to the courts in violation of the First and Fourteenth Amendments. Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 346 (1996). This right of access to courts helps ensure that the unlawfully detained obtain their freedom, and that those lawfully detained have recourse for violations of their constitutional rights. *Johnson v. Avery,* 393 U.S. 483, 485 (1969); *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974). To prevail on a right to access claim, a plaintiff must provide sufficient information establishing a "nonfrivolous" or "arguable" underlying claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

"[M]eaningful access to the courts is the touchstone," *id.* at 823, and "the inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. However, the scope of the right to access to the courts is limited and prisoners only need to have the "minimal help necessary" to file legal claims. *Id.* at 360.

1       In addition, plaintiffs must show that they suffered an actual injury due to the defendant's
2 unconstitutional conduct. *Lewis*, 518 U.S. at 349; *Pena*, 976 F.2d at 471 (vague and conclusory
3 allegations of official participation in civil rights violations are not sufficient to withstand a
4 motion to dismiss). Actual injury requires "actual prejudice with respect to contemplated or
5 existing litigation." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). "An
6 inmate cannot establish relevant actual injury simply by establishing that his prison's law library
7 or legal assistance program is subpar in some theoretical sense." *Lewis,* 518 U.S. at 351.

8       Here, plaintiff has failed to demonstrate that he suffered any actual injury. As the Court
9 noted in its previous report and recommendation (Dkt. 55), plaintiff has alleged that his rights
10 were infringed when defendant Thompson failed to provide him with his amended judgment and
11 sentence because he wanted to challenge his conviction. Dkt. 62, p. 3. Plaintiff has argued that
12 defendant Thompson's failure to provide the judgment and sentence harmed plaintiff because
13 "the statute of limitations was subject to legal tolling for up to one year," and that defendant
14 Thompson's delay caused "the statute of limitations [to] expire[]." Dkt. 62, p. 3. However, as
15 defendants note, the amended judgment and sentence was filed in 2005. Dkt. 17-1, p. 10. There
16 is no evidence that plaintiff challenged this judgment and sentence until he attempted to file his
17 PRP in 2017, and thus, for purposes of a state law collateral attack, the judgment and sentence
18 became final when it was entered in 2005. *See* RCW 10.73.090(3) (a judgment becomes final
19 when it is entered, when an appellate court enters its mandate on appeal, or when the Supreme
20 Court denies certiorari). Pursuant to Washington statute, "[n]o petition or motion for collateral
21 attack on a judgment and sentence in a criminal case may be filed more than one year after the
22 judgment becomes final . . . ." RCW 10.73.090(1). Thus, the statute of limitations to challenge
23 the judgment and sentence expired in 2006 – one year after it was entered and long before

24

defendant Thompson allegedly refused to provide a copy of the judgment and sentence to plaintiff.

In addition, plaintiff alleges that defendant Thompson violated his right to access the courts when defendant Thompson failed to provide plaintiff with a copy of his amended judgment and sentence. Dkt. 62, p. 3. Defendant Thompson does not dispute that he was unable to provide plaintiff with an amended judgment, but states that he did not have access to any amended judgment and so provided plaintiff with the original judgment and sentence instead. Dkt. 45. Further, defendant Thompson has provided evidence showing that he provided other, significant assistance to plaintiff when plaintiff requested it. *See* Dkt. 45-1. He has provided evidence demonstrating that: he provided plaintiff with information about his sentencing judge; he provided plaintiff with information about procuring a contract attorney; he scheduled plaintiff with a notary to have a legal document notarized; he provided plaintiff with the case numbers for his 2004 challenges to his conviction; he provided plaintiff with forms for applying to proceed *in forma pauperis*; he provided plaintiff with copies of statutes plaintiff requested; and he provided plaintiff with forms for filing a state court collateral attack. Dkt. 59-1. As noted above, prisoners are only constitutionally entitled to have the "minimal help necessary" to file legal claims. *Lewis*, 518 U.S. at 360. Here, the Court finds that the record indicates that defendant Thompson has adequately provided more than minimal help. Further, plaintiff has not shown that defendant Thompson's provision of the original judgement and sentence, rather than an amended judgment and sentence, fell below the minimal help plaintiff is entitled to. Plaintiff's has not produced evidence that defendants White and Bennett failed to correct defendant Thompson's actions, thus also did not fall below the minimal help necessary to access the courts.

1    Because the statute of limitations had already passed, plaintiff has not shown that

2 defendant Thompson's alleged failure to provide the amended judgment and sentence prevented

3 plaintiff from timely filing his PRP. Further, plaintiff's ability to file his claims was not

4 frustrated by defendant Thompson's alleged actions in that plaintiff would be required to show

5 extraordinary circumstances for the Washington courts to consider it, whether or not defendant

6 Thompson provided him with the amended judgment and sentence. *See* RCW 10.73.100 (listing

7 exceptions to the one-year statute of limitations for Washington PRPs). Defendant White and

8 defendant Bennett's alleged actions, namely failing to correct defendant Thompson's actions,

9 thus also did not make plaintiff miss the deadline. Because plaintiff's deadline passed long

10 before the alleged constitutional violations, plaintiff has failed to allege an actual injury.

11    Therefore, the Court recommends that defendants' motion for summary judgment (Dkt.

12 73) be granted and that plaintiff's access to courts claim be dismissed.

13    **II.    New Claim Regarding Legal Box**

14    Plaintiff's only new claim in his third amended complaint is an allegation that defendants

15 Dean and White "presumptively disregarded destroyed [sic]" plaintiff's box containing his legal

16 materials. Dkt. 62, p. 4. Even reading this allegation liberally, plaintiff has provided nothing to

17 indicate that either defendant Dean or defendant White had anything to do with plaintiff's legal

18 box – he does not even directly allege that they destroyed it, only that they "presumptively"

19 destroyed it. *Id*. Beyond this, defendants have submitted evidence that they had no involvement

20 with plaintiff's legal box. *See* Dkt. 74, White Decl., p. 2; Dkt. 75, Dean Decl., p. 2; Dkt. 75-1, p.

21 2 (record of property transfer indicating neither defendant White nor defendant Dean packed or

22 transported plaintiff's property). "When opposing parties tell two different stories, one of which

23 is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should

24

1  not adopt that version of the facts for purposes of ruling on a motion for summary judgment."

2  *Scott v. Harris*, 550 U.S. 372, 380 (2007). Here, even if plaintiff has adequately stated a claim

3  despite is allegation that defendants White and Dean "presumptively" destroyed his box, the

4  Court finds that plaintiff's bare allegation is contradicted by the record. The Court declines to

5  adopt plaintiff's version of the facts for purposes of this motion and recommends that the claims

6  against defendants Dean and White regarding plaintiff's legal box be dismissed.

### III. Qualified Immunity

Defendants also argue that, even if there had been a constitutional violation, they are entitled to qualified immunity. However, the Court has already made a recommendation to dismiss plaintiff's case on the merits. Therefore, the Court declines to make a determination as to qualified immunity at this time.

### *IN FORMA PAUPERIS* STATUS ON APPEAL

If the Court adopts the undersigned's Report and Recommendation, leave to proceed *in forma pauperis* for purposes of appeal may be denied if the appeal is frivolous or taken in bad faith. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); 28 U.S.C. § 1915(a)(3). The undersigned recommends plaintiff's *in forma pauperis* status continue for purposes as appeal, as plaintiff's access to courts claim was not frivolous and therefore an appeal of the Court's order denying that claim would not be taken in bad faith. *Hooker*, 302 F.3d at 1092.

### CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion for summary judgment (Dkt. 73) be granted and that plaintiff's action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 18, 2019** as noted in the caption.

Dated this 28th day of December, 2018.

J. Richard Creatura
United States Magistrate Judge